**Opinion issued July 23, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-19-00404-CR

_____

**JOHN CLIFTON WILBANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1576594**

---

## MEMORANDUM OPINION

Appellant, John Clifton Wilbanks, was indicted on the second-degree felony offense of indecency with a child by contact.[1] Pursuant to a plea bargain agreement with the State, appellant pleaded guilty to the reduced third-degree felony offense of

---

[1] TEX. PENAL CODE §§ 21.11(a)(1), (d).

indecency with a child by exposure,[2] with an agreed punishment recommendation of two years' incarceration. The trial court accepted the plea agreement, found appellant guilty, and assessed his punishment at two years' incarceration. The trial court certified that this case is a plea-bargain case and appellant has no right of appeal. Appellant, acting pro se, filed a notice of appeal. We dismiss the appeal for want of jurisdiction.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The trial court's certification is included in the record on appeal. The trial court's certification states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to

---

[2]     *Id*. §§ 21.11(a)(2), (d).

appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).